IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MAYFAIR PRESTIGE CARS (UK) LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:12-cv-01159 |
| vs. | ) | Judge Kevin H. Sharp |
| | ) | Magistrate Judge Juliet Griffin |
| BRENDAN CHURCH, Individually and d/b/a | ) | |
| US EXPORT AUTO, | ) | |
| | ) | |
| Defendants. | ) | |

## **AGREED ORDER**

It appearing unto the Court, as evidenced below by signature of counsel for the respective parties, that this matter has been compromised and settled and that all matters in controversy have been resolved. Accordingly, it is hereby **ORDERED,** as follows:

1. The Plaintiff shall have a judgment against the Defendant in the amount of One Hundred Nine Thousand Four Hundred Seventy and 00/100 dollars ($109,470.00). Execution under the terms and conditions of this order are stayed so long as the Defendant faithfully complies with the terms and conditions contained herein.

2. The Defendant shall pay to the Plaintiff, by funds transferred to and received by Defendant's counsel on or before June 1, 2013, the sum of Five Thousand dollars ($5,000.00).

3. The Defendant shall pay to the Plaintiff, on or before June 1, 2013, and by the 1st days of each month thereafter for the following 35 months, the sum of One Thousand, One Hundred dollars ($1,100.00) until the total of all periodic payments is Thirty-Nine Thousand, Six Hundred dollars ($39,600.00).

4. If the Plaintiff is ever held liable for any alleged preferential transfer under 11 U.S.C. §547 in the matter of B2K Consulting LLC (Case No. 12-09748, M.D. Tenn.), then the Defendant shall hold the Plaintiff harmless from any liability to said

bankruptcy estate, and shall pay to the bankruptcy estate (or reimburse the Plaintiff within 30 days if the Plaintiff makes any payment) if any funds are required to be paid as a result of any adversary proceeding in that bankruptcy proceeding.

5. If all payments and obligations are timely made under paragraphs 2, 3 & 4, and there are no other defaults under the provisions of this order, then, upon the final payment of the amounts due under paragraphs 2 & 3, the entire judgment reflected in paragraph 1 shall be deemed satisfied, and the Defendant shall have no further obligation to the Plaintiff.

6. If the Defendant defaults on any payment required under paragraphs 2, 3 & 4 of this order, then, if said default is not cured within 15 days after counsel for the Plaintiff notifies counsel for the Defendant of any such default, the entire balance due of the judgment reflected in paragraph 1 ($109,470.00 less the total amount of all payments made prior to default) shall become due, and execution may issue on said judgment.

7. The Court hereby makes a finding of fact that the liability in this matter was caused by a willful conversion of the property of the Plaintiff by the Defendant, and, as a conclusion of law, that the conduct of the Defendant meets the standards of non-dischargeability under 11 U.S.C. §523(a)(6), which excepts a debt from discharge for wanton and willful injury by the Debtor to another entity or to the property of another entity.The boundaries of this statute were decided by the Supreme Court in *Kawaauhau v. Geiger*, 523 U.S. 57, 61-62, 118 S. Ct. 974, 977, 140 L. Ed. 2d 90 (1998) and that the Defendant's conduct meets those parameters.

**IT IS SO ORDERED**

*Kevin H. Sharp*

APPROVED FOR ENTRY:

**/S/ STEVEN L. LEFKOVITZ, NO. 5953**
Steven L. Lefkovitz
Attorney for Defendant
618 Church Street, Suite 410
Nashville, Tennessee 37219
(615) 256-8300 fax (615) 255-4516
email: slefkovitz@lefkovitz.com


PAUL BILLINGS LAW

**/S/ PAUL B. BILLINGS, JR.**
Paul B. Billings, Jr., No. 010906
Attorney for Plaintiff
5305 Distriplex Farms Drive
Memphis, Tennessee 38141-8231
Phone: (901) 881-9515 Fax: (866) 772-4244
Email: paul@paulbillingslaw.com

**/S/ BRENDAN CHURCH**
Brendan Church